McGREGOR W. SCOTT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>REYNALDO VILLANUEVA,<br><br>                              Defendant. | CASE NO.  1:20-CR-00094-NONE-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: August 17, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is set for a status conference on August 17, 2020.  This Court has issued a series of General Orders to address public health concerns related to COVID-19 and to suspend jury trials in the Eastern District of California.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1 and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

2 continuances are excludable only if "the judge granted such continuance on the basis of his findings that

3 the ends of justice served by taking such action outweigh the best interest of the public and the

4 defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

5 "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

6 ends of justice served by the granting of such continuance outweigh the best interests of the public and

7 the defendant in a speedy trial."  *Id.*

8       The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

9 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

10 natural disasters, or other emergencies, this Court has discretion to order a continuance in such

11 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

12 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

13 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

14 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

15 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

16 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

17       In light of the societal context created by the foregoing, this Court should consider the following

18 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

19 justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date

20 for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

21 pretrial continuance must be "specifically limited in time").

## STIPULATION

23      Plaintiff United States of America, by and through its counsel of record, and defendant, by and

24 through defendant's counsel of record, hereby stipulate as follows:

25      1.     By previous order, this matter was set for status on August 17, 2020.

26      2.     By this stipulation, defendant now moves to continue the status conference until

27

28       [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1  November 16, 2020, and to exclude time between August 17, 2020, and November 16, 2020, under

2  Local Code T4.

3        3.     The parties agree and stipulate, and request that the Court find the following:

4        a)     The government has represented that discovery associated with this case includes

5  investigative reports, numerous photographs and videos, hundreds of hours of recorded

6  telephone conversations pursuant to wiretap order, cellular phone extractions, and large amounts

7  of cellular telephone precise location data. This discovery has been either produced directly to

8  counsel and/or made available for inspection and copying.

9        b)     Counsel for defendant desires additional time consult with their clients, conduct

10  further investigation, review the voluminous discovery, prepare for a possible trial, and to

11  continue to explore a potential resolution of the case.

12        c)     Counsel for defendant believes that failure to grant the above-requested

13  continuance would deny him/her the reasonable time necessary for effective preparation, taking

14  into account the exercise of due diligence.

15        d)     The government does not object to the continuance.

16        e)     Based on the above-stated findings, the ends of justice served by continuing the

17  case as requested outweigh the interest of the public and the defendant in a trial within the

18  original date prescribed by the Speedy Trial Act.

19        f)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

20  et seq., within which trial must commence, the time period of August 17, 2020 to November 16,

21  2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii), (iv) [Local

22  Code T4] because it results from a continuance granted by the Court at defendant's request on

23  the basis of the Court's finding that the ends of justice served by taking such action outweigh the

24  best interest of the public and the defendant in a speedy trial.

25        4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the

26  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

27  must commence.

28        IT IS SO STIPULATED.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1

2

3    Dated:  August 7, 2020                          McGREGOR W. SCOTT
                                                     United States Attorney
4

5                                                    /s/ JUSTIN J. GILIO
                                                     JUSTIN J. GILIO
6                                                    Assistant United States Attorney

7

8    Dated:  August 7, 2020                          /s/ Nicholas F. Reyes
                                                     Nicholas F. Reyes
9                                                    Counsel for Defendant
                                                     Reynaldo Villanueva
10

11                              **FINDINGS AND ORDER**

12

13   IT IS SO ORDERED.

14   Dated:  __**August 11, 2020**__              _____/s/ *Sheila K. Oberto*_____

15                                                UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME          4
PERIODS UNDER SPEEDY TRIAL ACT